Maximiliano Rinaldi
KILPATRICK TOWNSEND & STOCKTON LLP
The Grace Building
1114 Avenue of the Americas
New York, New York 10036
Phone: (212) 775-8765
Fax: (212) 775-8801
mrinaldi@kilpatricktownsend.com

*Attorneys for Defendant*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| GENERAL SECURITY, INC., <br><br>                    Plaintiff, <br><br> -against- <br><br> VIGILANT SOLUTIONS LLC, <br><br>                    Defendant. | Civil Action No. 2:19-cv-03270-SJF-AYS |

**DEFENDANT'S ORIGINAL ANSWER**

Defendant Vigilant Solutions, LLC ("Defendant"), by and through its undersigned counsel, hereby files this Original Answer to Plaintiff's Complaint, as follows:

1. Defendant admits that Plaintiff has asserted the claims identified in ¶1 of the Complaint, but denies that Plaintiff is entitled to any relief.

2. Defendant denies the allegations in ¶2 of the Complaint.

3. Defendant admits that this Court in the E.D.N.Y. has subject matter jurisdiction.

4. Defendant admits that venue in the E.D.N.Y. is proper.

5. Defendant admits that this Court in the E.D.N.Y. has personal jurisdiction over Defendant.

6. Defendant admits that Plaintiff has demanded a jury trial.

7. Defendant admits on information and belief that Plaintiff's principal place of business is at 100 Fairchild Avenue, Plainview, New York, but denies the remaining allegations in ¶7 of the Complaint.

8. Defendant admits the allegations in ¶8 of the Complaint on information and belief.

9. Defendant denies that it is a California limited liability company but admits the remaining allegations in ¶9 of the Complaint.

10. Defendant admits the allegations in ¶10 of the Complaint.

11. Defendant denies the allegations in ¶11 of the Complaint.

12. Defendant admits that Chris Perez is employed by Defendant, and that he is an authorized representative of Defendant for certain purposes within his job description, but denies the remaining allegations in ¶12 of the Complaint.

13. Defendant admits the allegations in ¶13 of the Complaint on information and belief.

14. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in ¶14 of the Complaint, and they are therefore denied.

15. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in ¶15 of the Complaint, and they are therefore denied.

16. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in ¶16 of the Complaint, and they are therefore denied.

17. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in ¶17 of the Complaint, and they are therefore denied.

18.  Defendant admits that General purchased license plate recognition ("LPR") cameras and other equipment from Vigilant for installation in Kings Point in 2011, but denies the remaining allegations in ¶18 of the Complaint.

19.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in ¶19 of the Complaint, and they are therefore denied.

20.  Defendant admits that it has received compensation for the sale of LPR cameras and related equipment for installation in the Village of Kings Point ("Kings Point"), but denies the remaining allegations in ¶20 of the Complaint.

21.  Defendant denies the allegations in ¶21 of the Complaint.

22.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in ¶22 of the Complaint, and they are therefore denied.

23.  Defendant denies the allegations in ¶23 of the Complaint.

24.  Defendant admits that it has provided price quotes in the past to Plaintiff for LPR cameras and related equipment, but denies the remaining allegations in ¶24 of the Complaint.

25.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in ¶25 of the Complaint, and they are therefore denied.

26.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in ¶26 of the Complaint, and they are therefore denied.

27.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in ¶27 of the Complaint, and they are therefore denied.

28.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in ¶28 of the Complaint, and they are therefore denied.

29.  Defendant lacks knowledge or information sufficient to form a belief about the

truth of the allegations in ¶29 of the Complaint, and they are therefore denied.

30. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in ¶30 of the Complaint, and they are therefore denied.

31. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in ¶31 of the Complaint, and they are therefore denied.

32. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in ¶32 of the Complaint, and they are therefore denied.

33. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in ¶33 of the Complaint, and they are therefore denied.

34. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in ¶34 of the Complaint, and they are therefore denied.

35. Defendant admits that Defendant sold LPR cameras and equipment manufactured and distributed by Defendant to Plaintiff for installation at Kings Point, but Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in ¶35 of the Complaint, and they are therefore denied.

36. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in ¶36 of the Complaint, and they are therefore denied.

37. Defendant admits the allegations in ¶37 of the Complaint on information and belief based on the copy of such agreement provided to Defendant after this litigation was filed.

38. Defendant admits the allegations in ¶38 of the Complaint based on the copy of such agreement provided to Defendant after this litigation was filed.

39. Defendant admits the allegations in ¶39 of the Complaint based on the copy of such agreement provided to Defendant after this litigation was filed.

40. Defendant admits the allegations in ¶40 of the Complaint based on the copy of such agreement provided to Defendant after this litigation was filed.

41. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in ¶41 of the Complaint, and they are therefore denied.

42. Defendant admits the allegations in ¶42 of the Complaint based on the copy of such agreement provided to Defendant after this litigation was filed.

43. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in ¶43 of the Complaint, and they are therefore denied.

44. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in ¶44 of the Complaint, and they are therefore denied.

45. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in ¶45 of the Complaint, and they are therefore denied.

46. Defendant denies that it was aware of the Service Agreement before this litigation was filed, but admits that it was provided a copy of such agreement after this litigation was filed and therefore admits that is currently aware of such agreement.

47. Defendant denies the allegations in ¶47 of the Complaint.

48. Defendant denies the allegations in ¶48 of the Complaint.

49. Defendant admits that Chris Perez has been a regional salesman for Defendant since January 2018, and that Plaintiff's employees have contacted Mr. Perez regarding LPR equipment. Defendant denies that Plaintiff's employees would have contacted Mr. Perez before January 2018, and lacks knowledge or information sufficient to form a belief about the truth of the allegations in ¶49 of the Complaint, and they are therefore denied.

50. Defendant admits that Mr. Perez sold Plaintiff a single LPR camera and related

equipment in August 2018, but denies the remaining allegations in ¶50 of the Complaint.

51. Defendant admits that on or about October 25, 2018, Mr. Perez informed Plaintiff that he had become aware that Plaintiff had been terminated as a reseller for Defendant in 2017, and that Plaintiff would not be authorized to resell Defendant's LPR equipment unless they reapplied and qualified to do so.  Defendant further admits that Plaintiff declined to apply to be a reseller for Defendant, and that Defendant has not sold any LPR equipment to Plaintiff since that date because Plaintiff is not an authorized reseller for Defendant, but denies the remaining allegations in ¶51 of the Complaint.

52. Defendant admits that on or about October 25, 2018, Mr. Perez advised Plaintiff that they could not perform System Startup and Commissioning on Defendant's equipment without being trained and certified to do so, but denies the remaining allegations in ¶52 of the Complaint.

53. Defendant admits that Mr. Perez informed Plaintiff that Defendant had another authorized reseller on Long Island, but denies the remaining allegations in ¶53 of the Complaint.

54. Defendant admits that since February 2019, it has not responded to Plaintiff regarding multiple requests for new equipment because Plaintiff is not an authorized reseller for Defendant, but denies the remaining allegations in ¶54 of the Complaint.

55. Defendant admits the allegations in ¶55 of the Complaint.

56. Defendant admits the allegations in ¶56 of the Complaint, but denies that such email was in 2018.

57. Defendant admits the allegations in ¶57 of the Complaint.

58. Defendant admits the allegations in ¶58 of the Complaint, except that Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation that

Plaintiff's service manage left voicemails each time he called, and it is therefore denied.

59. Defendant admits that it has not responded to multiple telephone calls and messages from Plaintiff, but denies the remaining allegations in ¶59 of the Complaint.

60. Defendant admits on information and belief that Plaintiff's service manager contacted Mr. Perez in April 2019 regarding LPR cameras and that Defendant did not respond, but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in ¶60 of the Complaint, and they are therefore denied.

61. Defendant denies the allegations in ¶61 of the Complaint.

62. Defendant denies the allegations in ¶62 of the Complaint.

63. Defendant admits that it will, if an order is placed, sell LPR equipment to Kings Point directly or through an authorized reseller, but denies the remaining allegations in ¶63 of the Complaint.

64. No response is required to ¶64 of the Complaint.

65. Defendant admits the allegations in ¶65 of the Complaint on information and belief.

66. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in ¶66 of the Complaint, and they are therefore denied.

67. Defendant denies the allegations in ¶67 of the Complaint.

68. Defendant denies the allegations in ¶68 of the Complaint.

69. Defendant denies the allegations in ¶69 of the Complaint.

70. Defendant denies the allegations in ¶70 of the Complaint.

71. Defendant denies the allegations in ¶71 of the Complaint.

72. No response is required to ¶72 of the Complaint.

7

15605872V.3

73. Defendant admits on information and belief that Plaintiff had an existing contractual relationship with Kings Point, but lacks knowledge or information sufficient to form a belief about the truth of the allegations in ¶73 of the Complaint, and they are therefore denied.

74. Defendant denies the allegations in ¶74 of the Complaint.

75. Defendant denies the allegations in ¶75 of the Complaint.

76. Defendant denies the allegations in ¶76 of the Complaint.

77. Defendant denies the allegations in ¶77 of the Complaint.

78. Defendant denies the allegations in ¶78 of the Complaint.

79. No response is required to ¶79 of the Complaint.

80. Defendant denies the allegations in ¶80 of the Complaint.

81. Defendant denies the allegations in ¶81 of the Complaint.

82. Defendant denies the allegations in ¶82 of the Complaint.

83. Defendant denies the allegations in ¶83 of the Complaint.

84. Defendant denies the allegations in ¶84 of the Complaint.

85. Defendant denies the allegations in ¶85 of the Complaint.

86. Defendant denies the allegations in ¶86 of the Complaint.

87. Defendant denies the allegations in ¶87 of the Complaint.

88. No response is required to ¶88 of the Complaint.

89. Defendant denies the allegations in ¶89 of the Complaint.

90. Defendant denies the allegations in ¶90 of the Complaint.

91. Defendant denies the allegations in ¶91 of the Complaint.

92. Defendant denies the allegations in ¶92 of the Complaint.

93. Defendant denies the allegations in ¶93 of the Complaint.

94. No response is required to ¶94 of the Complaint.

95. Defendant denies the allegations in ¶95 of the Complaint.

96. Defendant denies the allegations in ¶96 of the Complaint.

97. Defendant denies the allegations in ¶97 of the Complaint.

98. Defendant denies that Plaintiff is entitled to any of the relief requested in ¶98 or the "Wherefore" paragraph of the Complaint.

## AFFIRMATIVE DEFENSES

99. Defendant asserts further and/or in the alternative that Plaintiff's claims are barred in whole or in part because the Complaint fails to state a claim upon which relief can be granted.

100. Defendant asserts further and/or in the alternative that Plaintiff's claims are barred in whole or in part based on the doctrines of privilege and/or justification.

101. Defendant asserts further and/or in the alternative that Plaintiff's claims are barred in whole or in part based on the doctrines of waiver, estoppel and/or laches.

102. Defendant asserts further and/or in the alternative that Plaintiff's equitable claims are barred in whole or in part based on the doctrine of unclean hands.

103. Defendant asserts further and/or in the alternative that Plaintiff's claims are barred in whole or in part by the Statute of Frauds.

104. Defendant asserts further and/or in the alternative that Plaintiff's claims are barred in whole or in part because the Defendant has a partial or complete affirmative defense founded upon documentary evidence.

## JURY DEMAND

Defendant demands a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

15605872V.3

**WHEREFORE** Defendant asks this Court to dismiss the complaint and enter judgment in favor of Defendant.

Dated: New York, New York
June 7, 2019

                                    Respectfully Submitted,

                                    **KILPATRICK TOWNSEND & STOCKTON LLP**

                                    */s/ Maximiliano Rinaldi*
                                    Maximiliano Rinaldi
                                    The Grace Building
                                    1114 Avenue of the Americas
                                    New York, New York 10036
                                    Phone: (212) 775-8765
                                    Fax: (212) 775-8801
                                    mrinaldi@kilpatricktownsend.com

                                    *Attorneys for Defendant*

15605872V.3

## CERTIFICATE OF SERVICE

I hereby certify that on June 7, 2019, the foregoing document was filed electronically with the Clerk of the Court using the CM/ECF system which will automatically send electronic notification of such filing to all counsel of record as identified on the Notice of Electronic Filing (NEF).

By: _/s/ Maximiliano Rinaldi_
      Maximiliano Rinaldi

15605872V.3